Northeast Community Bank v Silber (2025 NY Slip Op 51280(U))

[*1]

Northeast Community Bank v Silber

2025 NY Slip Op 51280(U)

Decided on August 13, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2025
Supreme Court, Westchester County

Northeast Community Bank, Plaintiff,

against
Moshe Silber and MIRIAM MIZRACHI, Defendants.

Index No. 61126/2025

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Paper Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Plaintiff brings its motion for summary judgment in lieu of complaint seeking summary judgment in the amount of $1,054,721.55, plus per diem interest in the amount of $666.67 from April 11, 2025 to the date of entry of judgment, and post-judgment interest at the statutory rate, and for the scheduling of an inquest to determine plaintiff's costs and expenses, including attorneys' fees. Plaintiff submits to the Court the loan documents from the inception of the loan in December 2018, as well as the four extension agreements through 2023. All are signed by both defendants. 
Defendants made the monthly interest payments for several years, until December 2024. In January 2025, defendants made only a partial payment. They made no payments thereafter. In March 2025, plaintiff sent a Notice of Default and Demand to both defendants, at the address they used on the loan documents, Hidden Valley Drive, Suffern. Yet when plaintiff commenced this action, only six weeks later, it served defendant Mizrachi at an address on Powder Horn Drive, Suffern, by serving her "personal employee," Renee Garcia. The affidavit of service describes Renee Garcia as male. There is no reason to believe that Mizrachi was served properly. It thus denies the motion as to her and dismisses her from the action.
With respect to defendant Silber, however, he was served personally at the federal prison in which he is incarcerated.[FN1]
The Court thus grants the motion as to him. The Court finds that [*2]given the amount of work that was done in this action, attorneys' fees and costs in the amount of $8,000 are appropriate. This represents $1,500 in costs and 13 hours of work at $500 per hour.
Plaintiff shall submit a proposed Judgment to the Judgment Clerk, with notice by overnight mail to Silber, in the amount of $1,062,721.55, plus interest at the statutory rate from the date of commencement of the action. Plaintiff shall send a copy of this Decision and Order to both defendants, at their last known addresses, by overnight mail within two business days of receipt.
The foregoing constitutes the decision and order of the Court.[FN2]

Dated: August 13, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:It appears that Silber was sentenced in April 2025, after the default letter was sent. The Court has no information to suggest that Silber was incarcerated at the time that plaintiff sent the default letter.

Footnote 2:All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.